## Gerace Estate

*Thomas J. Feeney, Jr.*, for petitioner.
*Percy H. Sand* and *Ralph Schwartz*, for respondents.
*Harold L. Ervin, Jr.*, guardian.

VAN RODEN, P. J., November 12, 1963.—This proceeding involves a petition presented on behalf of certain minors seeking to have declared null and void a purported partnership agreement entered into by said minors with respondents and also seeking an accounting of moneys received by respondents in the course of the partnership business.

The petition avers that the five minors are engaged in a singing group performing professionally under the name of "Little Joey and the Flips", that by decree of this court dated January 22, 1962, Harold L. Ervin, Jr., Esq., was appointed guardian of the estates of four of said minors and was also appointed guardian of the estate of the fifth minor by decree of the Orphans' Court of Philadelphia County, that on or about March 30, 1962, guardian entered into a written partnership agreement with respondents wherein the minors were designated as the "singing group" and respondents were designated as the "management group", which agreement provided, inter alia, that the singing group shall receive two-thirds of the net profit to be divided equally among them, and the management group shall receive one-third of the net profit to be divided equally among them, and that any income from the sale of copyrights and royalties for songs composed by any member or members of the partnership shall be considered as partnership earnings and income, that respondents "did unlawfully copyright a certain song entitled 'Bongo Stomp', well knowing that the authors and composers were the minors", and that the respond-

ents "have refused, failed and neglected to use their best efforts to supply the minors with professional appearances and recording dates."

The prayer of the petition requests the following relief:

"(a) A Decree be issued declaring the purported agreement dated March 30, 1962 (Exhibit "A"), null and void and that the partnership be dissolved, because:

(1) No approval of this Agreement was obtained from your Honorable Court;

(2) The Messrs. Kaplan, Levin and Rich have not performed their duties with regard to the minors;

(3) The Messrs. Kaplan, Levin and Rich have refused to account for monies received;

(4) Because Messrs. Kaplan, Levin and Rich have copyrighted the artistic work of the minors, to wit: the song "Bongo Stomp" as their own work and not the work of the minors.

"(b) That further as part of the Decree that Messrs. Kaplan, Levin and Rich be ordered to fully account for all sums received from the talents of the minors and to produce all books and records pertaining thereto.

"(c) To disgorge all Royalties received from the copyrighting of the song, "Bongo Stomp", and to be ordered to take all measures necessary to withdraw their names as author or composer."

Respondents filed an answer to the petition, asserting that statements of account were sent from time to time to the guardian of the minors, also asserting that respondents were the composers of the song "Bongo Stomp", and further averring that respondents "have at all times asserted their best efforts, not only to supply the minors with professional appearances and recording dates, but to further their best interests."

Upon the filing of the petition, a citation was issued and thereafter a hearing was held in open court. At the said hearing, respondents questioned the jurisdiction of this court to hear and decide the matter. Written briefs relating to the question of jurisdiction have been submitted to the court, and the matter is now ripe for determination.

Insofar as the matter involves a minor subject to the jurisdiction of the Orphans' Court of Philadelphia County, this court will, of course, decline to assert any authority whatsoever, and guardian should be responsive to the directions of that court with respect to all matters relating to Joseph E. Hall, a minor.

However, with respect to the other four minors whose guardian was appointed by this court, the argument that this court lacks jurisdiction is without merit. Section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 PS §2080.301, provides that the orphans' court shall have exclusive jurisdiction of the administration and distribution of the real and personal property of minors' estates.

The powers of a guardian are in most part identical with those of a trustee: Hunter, Pennsylvania Orphans' Court Commonplace Book (2d ed.), Vol. 3, p. 174.

The conduct of a business by a trustee is subject to authorization of and approval by the orphans' court: Fiduciaries Act of April 18, 1949, P. L. 512, sec. 934, 20 PS §320.934. This is likewise applicable to guardians: Section 1043 of the Fiduciaries Act of 1949, 20 PS §320.1043.

Accordingly, when guardian sought to enter into a contract for the conduct of a business involving exploitation of the talents and efforts of the minors, such contract was subject to the approval of the orphans' court. Having failed to obtain or even to seek such approval, the contract is not binding on the minors.

For the protection of the minors, this court clearly has the power to compel an accounting by persons dealing with property and assets belonging to the minors, especially where such transactions have not received prior court approval.

It seems obvious to this court that the antagonism and lack of rapport presently existing between the minors and the so-called "managers" will seriously interfere with the advancement of the minors in their chosen field of professional entertainment. In order to protect the minors and safeguard their best interests, this court will direct the termination and dissolution of the purported partnership and require respondents to fully account to the guardian for all funds, assets, and property resulting from or attributable to the talents and efforts of the said minors, such accounting to be subject to review by this court. The court will also retain jurisdiction of the matter so as to provide such further or other relief as may be deemed necessary or advisable as a result of the accounting.

Accordingly, the court enters the following

### Decree

And now, to wit, November 12, 1963, upon consideration of the petition, answer, and testimony, it is hereby ordered, adjudged, and decreed as follows:

1. The purported partnership agreement dated March 30, 1962, is hereby disapproved by the court, and it is directed that the purported partnership shall be forthwith terminated and dissolved.

2. Respondents, Marc Levin, Simon Kaplan, and Barry Rich, are hereby ordered and directed to fully account to Harold L. Ervin, Jr., guardian of the estates of Fred J. Gerace, John E. Smith, James G. Meagher, Jeffrey Leonard, and Joseph E. Hall, minors, for all funds, assets, and property resulting from or attributable to the talents and efforts of the said

minors, and to produce for inspection by the guardian all books and records pertaining thereto.

3. This court will retain jurisdiction over this matter for the purpose of affording such further relief as may be deemed necessary by or advisable as a result of the said accounting.

4. An exception is allowed unto each party in interest.